**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SAIM SARWAR,**

                              **Plaintiff,**

        **vs.**                                    **3:21-CV-1103**
                                                   **(TJM/ATB)**

**ZILLION MANAGEMENT. INC.,**

                              **Defendant.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**


                              **ORDER**

        On October 8, 2021, Plaintiff Saim Sarwar filed a Complaint in this action, naming

Defendant Zillion Management, Inc. ("S.J.N.").  See dkt. # 1.  The Complaint, brought

pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12181, et seq., alleges

that Plaintiff is an individual with a disability as defined by the ADA.  Id. at ¶ 1.  Plaintiff's

disability limits his ability to walk and use his hands, and he frequently uses a wheelchair

or a cane to get around outside the home.  Id.  He requires accessible parking spaces

close to the entrance of any facility he visits.  Id.  He also needs space and a smooth ramp

to get from his parking space into the building.  Id.  Once inside the building, Plaintiff

requires that fixtures and amenities like faucets, doorknobs, and sinks be at an

appropriate height and in an arrangement he can use.  Id.  Defendant Zillion Management

owns and operates a place of public accommodation, the Wright Motel in Kirkwood, New

1

York.  Id. at ¶ 2.

Plaintiff relates from the end of August until early September 2021, he traveled in New York, Vermont, Pennsylvania, New Hampshire, Maine, Massachusetts, Rhode Island, New Jersey, Maryland, and the District of Columbia.  Id. at ¶ 7.  During these travels, Plaintiff visited various hotels, intending to stay overnight.  Id.  One of the hotels he visited was the Wright Motel.  Id.  Plaintiff could not obtain "full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the hotel."  Id.  Plaintiff alleges that Defendant did not "comply with the applicable standards promulgated by the Department of Justice pursuant to the ADA."  Id.  Plaintiff alleges that: not "all goods, services, and facilities" were "readily accessible to and usable by the disabled"; Defendant failed to maintain the facility's "features to ensure that they are readily accessible and usable by the disabled"; the facility did not maintain adequate routes connecting parking spaces for disabled people to "the goods, services and facilities of the property"; the facility lacked adequate space and obstructed access in hallways, passageways, and rooms; stairs also blocked access; the facility had insufficient accessible parking spaces and access aisle; and the facility had too few rooms accessible to people with disabilities, with steps blocking access to rooms.  Id. ta ¶¶ 7 (i)-(v).  Plaintiff contends that these conditions violate the ADA.  Id. at ¶ 15.

Plaintiff plans to return to the property he visited to determine whether improvements have been made.  Id. at ¶¶ 8, 11.  He "has encountered barriers at the subject property which discriminate against him on the basis of his disability."  Id. at ¶ 8.  Plaintiff relates that returning to Defendant's hotel "would be a futile gesture . . . as long as those violations exist unless he is willing to suffer additional discrimination."  Id. at 11.

2

Plaintiff has suffered an infringement to his "right to travel free of discrimination" from the lack of accommodations at Defendant's motel.  Id. at ¶ 12.  He has suffered and will continue to suffer "frustration and humiliation" from the discrimination present at Defendant's hotel.  Id.  These conditions "contribute to Plaintiff's sense of isolation and segregation" and leaves him with fewer opportunities to enjoy public accommodations than the general public.  Id.  Plaintiff further alleges, "[i]n the alternative," that he serves as "an advocate of the rights of similarly situated disabled persons and is a 'tester' for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA."  Id. at ¶ 9.  Plaintiff alleges that he will continue to suffer discrimination and a deprivation of opportunities until the hotel provides him with equal access.  Id. at ¶ 14.  He further contends that he should be able to visit and inspect the property "to determine all of the areas of non-compliance with the" ADA.  Id. at ¶ 16.

Plaintiff's Complaint seeks declaratory judgment and injunctive relief under the ADA.  Plaintiff also seeks attorneys fees, costs, and expenses.

The Court issued summons on October 8, 2021.  See dkt. # 2.  Plaintiff served the Complaint on Defendant on October 19, 2021.  See dkt. # 5.  When Defendant failed to answer the Complaint, Plaintiff requested that the Clerk of Court enter default.  See dkt. # 6.  The Clerk of Court entered default on November 12, 2021.  See dkt. # 7.

Plaintiff then filed the instant motion for default judgment.  See dkt. # 9.  Plaintiff seeks an order from the Court mandating that Defendant work to bring the property into compliance with the ADA, statutory damages, and costs and attorneys fees.  Id.  Plaintiff also seeks an order from the Court directing Defendant to alter booking websites to reflect

the level of accommodations the hotel provides.  Id.

"[D]efault judgment is an extreme remedy that should only be granted as a last resort."  Bravado Int'l Group Merich. Servs. v. Ninna, Inc., 655 F.Supp.2d 177, 186 (E.D.N.Y. 2009).   Whether to grant a motion for default judgment is "left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993).  Courts favor resolving cases on the merits, and "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party."  Id. at 96.  Though the Court is to "[accept] as true all well pleaded allegations against a defaulting defendant for purposes of determining liability," the Plaintiff is still required to present evidence to establish the amount of damages.  Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009).  Thus, "the quantum of damages must be established by proof unless the amount is liquidated or susceptible to mathematical computation."  Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974).  Though "'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'"  Bravado Int'l Group Merch. Servcs. v. Ninna, Inc., 655 F.Supp.2d 177, 190 (E.D.N.Y. 2009) (quoting Fustok v. Conticommodity Servs., Inc., 122 F.R.D. 151, 156 (S.D.N.Y. 1988)).  Instead, "the court may rely on detailed affidavits or documentary evidence . . . to evaluate the proposed sum."  Fustok, 122 F.R.D. at 156.

Plaintiff's default judgment motion provides the Court with a recitation of the facts of the case and proof of the entry of default.  Plaintiff also explains in some detail the injunctive relief sought.  While Plaintiff states that the law entitles him to attorneys fees,

4

costs, expenses, and fees for expert witnesses, he does not request such judgment.  He

does not offer any evidence of any amount he might be owed.

Defendant did not answer the Complaint, and the Clerk has entered default.  Under

those circumstances, granting the relief sought is appropriate in most cases.  The

Plaintiff's motion and proposed order, however, are inadequate to inform the Court of the

relief requested.  Plaintiff's proposed order, for instance, relates that:

> Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 16, 1991, the
> Department of Justice, Office of the Attorney General, promulgated federal
> regulations ot implement the requirements of the ADA (attached).  28 CFR Part 36.
> Defendant is in violation of 42 U.S.C. § 12181 et seq., and 28 CFR 36.302 et seq.,
> and is discriminating against Plaintiff.  The discrimination is based on the
> Defendant's denying Plaintiff full and equal enjoyment of the goods, services,
> facilities, privileges, advantages and/or accommodations as prohibited by 42 U.S.C.
> § 12182 et seq., and by depriving him of the information to make meaningful
> choices for travel.  By violating the ADA, Defendant deprives Plaintiff [of] the
> equality of opportunity offered to the general public.

Id. at 6.  The proposed order does not include the regulations mentioned in the order.  The

regulations to which the proposed order cites are an entire part of the Code of Federal

Regulations, and the citation appears inaccurate.  Part 28 of the Code of Federal

Regulations addresses Judicial Administration.  See 28 CFR.  Plaintiff may refer to Part 42

of the Code of Federal Regulations, portions of which establish regulations concerning the

ADA.  See 42 CFR § 501, et seq.  That section is large, however, and contains sections

related to employment as well as accessibility.  The Court will not sign an order with vague

references to entire sets of federal regulations, much less an order that cites to irrelevant

regulations.

Similarly, the Plaintiff's proposed order offers no specific areas that Defendant must

improve, but instead simply enjoins Defendant "from discriminating against individuals with

disabilities remediating its hotel to bring it into compliance with the Regulation."  Proposed

Order at 8.  Beyond the fact that the language of the Proposed Order would seem to

enjoin the Defendant from remediating violations of the ADA, that Order does not inform

the Defendant which regulation is at issue.  The Proposed Order does contain a specific

direction: "Defendant is ordered to carefully review the DOJ guidelines regarding ADA

compliance.  Defendant is further ordered to bring its hotel into compliance with same."

The Court likewise will not sign an order with such vague direction.  The order could not be

meaningfully enforced and Defendant's compliance could not be monitored in any logical

way.

Defendant's proposed order does contain one specific set of directions to the

Defendant.  Those specific directions concern requirements that the Defendant alter

booking websites to ensure they contain information about the availability of the rooms

accessible to the disabled and general information about the accessibility of the facility.

See Proposed Order at 7.  That portion also contains requirements about ensuring that

such rooms are available.  Id.

While the Court might be inclined to approve that portion of the Proposed Order,

the Court has not been presented with any claims or any evidence that Plaintiff examined

any websites concerning Defendant's hotel and found them wanting.  Plaintiff's Complaint

and the papers filed in support of his motion for default judgment address the conditions at

the hotel, not the appearance of websites, the information contained on them, or the

booking process.  The Court has no basis to grant such relief.

In short, Plaintiff's motion for default judgment is inadequate.  It does not define the

declaratory and injunctive relief Plaintiff seeks in sufficient detail for the Court to determine

6

whether such relief is appropriate in this case.  Plaintiff also seeks relief for which he has offered no allegations to support.  Under those circumstances, the Court will deny the motion with leave to renew.  If he renews his motion, Plaintiff should provide a specific basis for all relief he seeks and should prepare a proposed order that directs the Defendant to make specific changes to the facilities.  The Court will provide the Plaintiff with twenty-one days to file an adequate motion.  Failure to file such a motion within the time provided by the Court may cause the Court to dismiss the matter for failure to prosecute.

Accordingly:

The Plaintiff's motion for default judgment, dkt. # 9, is hereby **DENIED** with leave to renew.  Plaintiff shall file an adequate motion for default judgment within twenty-one days of the date of this order.  Such motion shall explain in sufficient detail the declaratory and injunctive relief sought, with explanations of specific failings and specific required remediation.  Failure to file a motion within twenty-one days of the date of this order may cause the Court to dismiss the action for failure to prosecute.

**IT IS SO ORDERED**

Thomas J. McAvoy
Senior, U.S. District Judge

Dated: April 27, 2022

7